UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| JAMES ROBERT WEST, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No. 6: 18-126-DCR |
| V. | ) | |
| J. BARNHART, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Petitioner James Robert West has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [Record No. 1] The Court conducted an initial screening of West's petition and directed the United States to respond. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Having reviewed the matter and being otherwise sufficiently advised, the Court's will grant West's petition.

I.

West pleaded guilty in August 2010 to one count of being a felon in possession of a firearm. [Lexington Criminal Action No. 5: 10-034-KKC] He was sentenced to 15 years' imprisonment under the Armed Career Criminal Act based, in part, on prior convictions in Kentucky for third-degree burglary. [*See id*. at Record No. 48.] West filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 in 2016, arguing that the career offender designation was improper in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that ACCA's residual clause was void for vagueness). This Court denied West's

motion, concluding that he was not sentenced under the residual clause of ACCA. Therefore, *Johnson* was not implicated. [*Id.* at Record No. 69]

West has filed the current petition under 28 U.S.C. § 2241, arguing that he is entitled to relief from the career-offender enhancement because his prior convictions for burglary no longer qualify as "crimes of violence" under *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016). West attempts to utilize the "savings clause" provision of 28 U.S.C. § 2255(e) to assert this claim in his § 2241 petition.

**II.**

A challenge to the validity of a federal conviction or sentence typically is brought as a habeas corpus challenge under § 2255. *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016). Petitions under § 2241, on the other hand, are ordinarily limited to claims challenging the manner or execution of a sentence. *Id.* Second or successive petitions under § 2255 are normally barred unless the petition relies on new evidence or is based on a new rule of constitutional law, made retroactive to cases on collateral review. *Id.* (citing § 2255(h)).

When a petitioner seeks to file a second or successive habeas petition but cannot meet the requirements of § 2255(h), however, he may look to the "savings clause" of § 2255(e). It provides:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Accordingly, "where the remedy under § 2555 is inadequate or ineffective, the savings clause allows a federal prisoner to 'bring a claim challenging his

conviction or imposition of sentence under § 2241.'" *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)). When the target of the § 2241 petition is a misapplied sentence (as opposed to a conviction) the petitioner must show: (1) a case of statutory interpretation (2) that is retroactive and could not have been invoked in the initial § 2255 motion and (3) the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or fundamental defect. *Id.* at 595 (citing *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)).

*Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), involved a federal inmate who had been sentenced to 300 months of imprisonment under the (then-mandatory) United States Sentencing Guidelines. He received a career offender enhancement under U.S.S.G. § 4B1.1 based, in part, on a prior felony conviction in Maryland for second-degree assault. *Id.* at 593. The court recognized that, after *Descamps v. United States*, 133 S. Ct. 2276 (2013), and its progeny, Hill's second-degree assault conviction no longer constituted a crime of violence for purposes of the career-offender enhancement. *Id.* at 596. The court found that labeling Hill a "repeat violent offender" and requiring him to serve the enhanced sentence constituted a miscarriage of justice. *Id.* at 600. Thus, the petition was properly brought under § 2241. *Id.*

The Sixth Circuit limited its holding in *Hill* to "only a narrow subset of § 2241 petitions. This narrow subset includes: "(1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." 836 F.3d at 599-600 (internal citations omitted).

Subsequent unpublished decisions of the Sixth Circuit indicate that *Hill's* holding applies to defendants who were sentenced to mandatory minimum sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). For example, Gary Sutton was sentenced to 280 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017). He was sentenced under the ACCA based on state court convictions which included second-degree burglary. *Id.* at *1. Following an unsuccessful appeal and attempts at collateral relief, Sutton filed a petition under § 2241, arguing that he was no longer a career offender in light of *Johnson*, 135 S. Ct. 2551, and *Mathis* 136 S. Ct. 2243. The court determined that Sutton satisfied the first two prongs of *Hill's* three-part test because *Mathis* is a case of statutory interpretation, which is retroactive, and it was unavailable to Sutton when he filed previous post-conviction motions. *Id.* at *2. Additionally, it was unclear whether second-degree burglary would count as predicate conviction in light of *Mathis*. Because Sutton's sentence exceeded the 10-year maximum he would have faced absent the enhancement, he was permitted to bring his petition under § 2241. *Id.*

Likewise, Edgar Muir pleaded guilty to being a felon in possession of a firearm and was sentenced to 211 months imprisonment under the ACCA. *Muir v. Quintana*, No. 17-6050 (6th Cir. Apr. 26, 2018). He filed a § 2241 petition in 2017, arguing that his ACCA enhancement was invalid in light of *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis*, 136 S. Ct. 2243. Following this Court's dismissal of Muir's petition [Lexington Civil No. 5: 17-327, Record No. 4], the Sixth Circuit reaffirmed that, in light of *Hill*, prisoners may challenge an ACCA enhancement under § 2241. *But see Campbell v. Quintana*, No. 17-6077 (July 11, 2018) ("Assuming for the sake of argument that *Hill* authorizes challenges to

Subsequent unpublished decisions of the Sixth Circuit indicate that *Hill's* holding applies to defendants who were sentenced to mandatory minimum sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). For example, Gary Sutton was sentenced to 280 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017). He was sentenced under the ACCA based on state court convictions which included second-degree burglary. *Id.* at *1. Following an unsuccessful appeal and attempts at collateral relief, Sutton filed a petition under § 2241, arguing that he was no longer a career offender in light of *Johnson*, 135 S. Ct. 2551, and *Mathis* 136 S. Ct. 2243. The court determined that Sutton satisfied the first two prongs of *Hill's* three-part test because *Mathis* is a case of statutory interpretation, which is retroactive, and it was unavailable to Sutton when he filed previous post-conviction motions. *Id.* at *2. Additionally, it was unclear whether second-degree burglary would count as predicate conviction in light of *Mathis*. Because Sutton's sentence exceeded the 10-year maximum he would have faced absent the enhancement, he was permitted to bring his petition under § 2241. *Id.*

Likewise, Edgar Muir pleaded guilty to being a felon in possession of a firearm and was sentenced to 211 months imprisonment under the ACCA. *Muir v. Quintana*, No. 17-6050 (6th Cir. Apr. 26, 2018). He filed a § 2241 petition in 2017, arguing that his ACCA enhancement was invalid in light of *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis*, 136 S. Ct. 2243. Following this Court's dismissal of Muir's petition [Lexington Civil No. 5: 17-327, Record No. 4], the Sixth Circuit reaffirmed that, in light of *Hill*, prisoners may challenge an ACCA enhancement under § 2241. *But see Campbell v. Quintana*, No. 17-6077 (July 11, 2018) ("Assuming for the sake of argument that *Hill* authorizes challenges to

Subsequent unpublished decisions of the Sixth Circuit indicate that *Hill's* holding applies to defendants who were sentenced to mandatory minimum sentences under the Armed Career Criminal Act, 18 U.S.C. § 924(e). For example, Gary Sutton was sentenced to 280 months' imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017). He was sentenced under the ACCA based on state court convictions which included second-degree burglary. *Id.* at *1. Following an unsuccessful appeal and attempts at collateral relief, Sutton filed a petition under § 2241, arguing that he was no longer a career offender in light of *Johnson*, 135 S. Ct. 2551, and *Mathis* 136 S. Ct. 2243. The court determined that Sutton satisfied the first two prongs of *Hill's* three-part test because *Mathis* is a case of statutory interpretation, which is retroactive, and it was unavailable to Sutton when he filed previous post-conviction motions. *Id.* at *2. Additionally, it was unclear whether second-degree burglary would count as predicate conviction in light of *Mathis*. Because Sutton's sentence exceeded the 10-year maximum he would have faced absent the enhancement, he was permitted to bring his petition under § 2241. *Id.*

Likewise, Edgar Muir pleaded guilty to being a felon in possession of a firearm and was sentenced to 211 months imprisonment under the ACCA. *Muir v. Quintana*, No. 17-6050 (6th Cir. Apr. 26, 2018). He filed a § 2241 petition in 2017, arguing that his ACCA enhancement was invalid in light of *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis*, 136 S. Ct. 2243. Following this Court's dismissal of Muir's petition [Lexington Civil No. 5: 17-327, Record No. 4], the Sixth Circuit reaffirmed that, in light of *Hill*, prisoners may challenge an ACCA enhancement under § 2241. *But see Campbell v. Quintana*, No. 17-6077 (July 11, 2018) ("Assuming for the sake of argument that *Hill* authorizes challenges to

enhancements under the ACCA . . . ."). However, Muir failed to meet the third prong of the *Hill* test because he had sufficient predicate convictions to trigger ACCA, notwithstanding those that might have been invalidated by *Descamps* and *Mathis*.

Against this backdrop, the Court turns to West's challenge under § 2241. In both *Descamps* and *Mathis,* the United States Supreme Court clarified the rules for examining prior convictions which might constitute violent felonies under the ACCA. Both are cases of statutory interpretation involving old rules and, therefore, apply retroactively. *See United States v. Davis* 751 F.3d 769, 775 (6th Cir. 2014); *Sutton*, 2017 WL 4677548, at *2 (citing *Whorton v. Bocking*, 549 U.S. 406, 416 (2007)).

In *Descamps*, 570 U.S. 254 (2013), the Court explained that the modified categorical approach does not apply when determining whether indivisible statutes constitute ACCA predicates. 570 U.S. at 265. In other words, courts may look only to the text of the indivisible statute and may not resort to outside documents to determine whether a defendant's prior conviction falls within the generic definition of a crime. *Id.* Thus, when an indivisible statute is broader than the generic definition of a crime, it cannot constitute a violent felony under the ACCA.

Although *Descamps* had been decided by the time West filed his initial § 2255 motion in 2016, courts routinely applied the modified-categorical approach to convictions under Kentucky's third-degree burglary statute at that time. *See, e.g., United States v. Walker*, 599 F. App'x 582 (6th Cir. 2015); *United States v. Ginter*, No. 5: 13-CR-151-DCR, 2016 WL 347663 (E.D. Ky. Jan. 28. 2016), *remanded for resentencing Ginter v. United States*, No. 16-5377, 2017 WL 4570519 (6th Cir. June 12, 2017). However, in *Mathis*, the Court provided additional guidance regarding the distinction between divisible and indivisible statutes. It is

now clear that, when a statute lists alternative facts, the statute is not divisible unless the facts are elements of distinct crimes, as opposed to alternative means of committing a single crime. *Mathis*, 136 S. Ct. at 2259.

Kentucky's third-degree burglary statute is similar to the Iowa statute at issue in *Mathis*. In Kentucky, a person is guilty of burglary in the third degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building. Ky. Rev. Stat. § 511.040. Building, "in addition to its ordinary meaning, means any structure, vehicle, watercraft or aircraft: (a) [w]here any person lives; or (b) [w]here people assemble for purposes of business, government, education, religion, entertainment or public transportation." *Id.* at § 511.010. This statute is too broad to categorically qualify as a crime of violence and, based on the "alternative means" analysis, the modified categorical approach is prohibited. *See Mathis*, 136 S. Ct. at 2250-51; *Ginter*, 2017 WL 347663, at *2. Accordingly, West's third-degree burglary conviction is not an ACCA predicate.

The government concedes that West does not qualify as a career offender under the ACCA without counting third-degree burglary as a predicate conviction. [Record No. 10, p. 5] And despite the government's claim that West has two otherwise qualifying predicate convictions for second-degree burglary, that is not apparent from the record.[1] The sentencing transcript indicates that the United States introduced evidence of five prior convictions during

---

[1] While it appears that West has a previous conviction for second-degree escape in Kentucky, the government has not argued that this constitutes a violent felony. *See United States v. Brumback*, 614 F. App'x 288, 293 (6th Cir. 2015) (government admitted that second-degree escape conviction did not qualify as violent felony under ACCA); *United States v. Ford*, 560 F.3d 420 (6th Cir. 2009).

the sentencing hearing—four for third-degree burglary and one for second-degree burglary. [Record No. 48, pp. 7-9]

### III.

Had the law as clarified in *Mathis* been applied at the time of West's sentencing, he would not have been deemed a career offender under the ACCA. Accordingly, he has satisfied the three requirements necessary to attack his sentence via a § 2241 petition.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. West's petition for a writ of habeas corpus [Record No. 1] is **GRANTED**.

2. West's sentence is **VACATED**, for the limited purpose of conducting a re-sentencing hearing on Count 1 of the superseding indictment in Lexington Criminal Action No. 5: 10-034-KKC-EBA, and the filing of a new judgment consistent with the sentence imposed during that hearing. The re-sentencing hearing shall be held on a date and at a time selected by the presiding judge.

3. The Clerk of the Court is directed to select an attorney from the CJA list by random draw who will be appointed to represent West during resentencing proceedings.

4. The Clerk of the Court is directed to file this Memorandum Opinion and Order in the above-captioned matter and in Lexington Criminal Action No. 5: 10-CR-034-KKC-EBA. All future filings shall be made only in Lexington Criminal Action No. 5: 10-CR-034-KKC-EBA.

This 18th day of July, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge